CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 1 3 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOMMY ALEXANDER, SR., ) | |
| Petitioner, ) | Civil Action No. 7:05CV00793 |
| ) | |
| v.  ) | **MEMORANDUM OPINION** |
| ) | |
| ) | By Hon. Jackson L. Kiser |
| R.D. MILES, WARDEN, ) | Senior United States District Judge |
| Respondent. ) | |

The petitioner, Tommy Alexander, Sr., a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petitioner seeks equitable relief for alleged violations of his right to due process in connection with prison disciplinary proceedings. Having reviewed the petitioner's allegations, the court concludes that the petitioner has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition.

Background

The petitioner is presently incarcerated at United States Penitentiary (USP) - Lee in Jonesville, Virginia. He was previously incarcerated at USP - Beaumont in Beaumont, Texas. While confined at Beaumont, the petitioner was charged with possessing a weapon. He was subsequently found guilty following a prison disciplinary hearing on March 23, 2004. The petitioner was sentenced to fifteen days in segregation. He also lost visitation, telephone, and commissary privileges for ninety days.[1] The petitioner's attempts to appeal the disciplinary conviction were unsuccessful.

The petitioner filed the instant petition for writ of habeas corpus in the United States

---

[1] The petitioner does not allege that he lost any good time credits.

District Court for the Eastern District of Texas on October 13, 2005. On December 28, 2005, the petition was transferred to this district.[2] In the petition, the petitioner alleges that the disciplinary conviction violated his right to due process, because exculpatory evidence demonstrated that he was actually innocent of the weapon charge. The petitioner seeks to have the conviction expunged from his record.

## Analysis

A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

As previously stated, the petitioner alleges that he was sentenced to fifteen days in segregation as a result of the disciplinary conviction. He also lost visitation, telephone, and commissary privileges for ninety days. To the extent that the petitioner seeks to challenge his placement in segregation, the petitioner's allegations are without merit. The petitioner has failed to allege facts sufficient to establish that his length of confinement in segregation, or that his conditions of confinement in segregation, posed an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services

---

[2] A § 2241 petition must be brought in the district in which the petitioner is incarcerated. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

available; and that food was served in considerably smaller portions). Therefore, because the petitioner did not possess a liberty interest in avoiding confinement in segregation, he was not entitled to due process protections.

To the extent that the petitioner challenges the other restrictions imposed as a result of the disciplinary conviction, the petitioner's claim is similarly deficient. Courts have held that a loss of visitation privileges is one of the "ordinary incidents" of prison confinement. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing cases); Garrett v. Angelone, 940 F. Supp. 933, 944 (W.D. Va. 1996) ("neither inmates nor their potential visitors have any constitutional right to visitation."). Moreover, the petitioner did not possess a liberty interest in being free from commissary or telephone restrictions. See Muhammad v. Finley, 74 Fed. Appx. 847, 849 (10th Cir. 2003); Thomas v. Ramos, 130 F.3d 754, 762 at n. 8 (7th Cir. 1997); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996). Accordingly, the petitioner's loss of visitation, telephone and commissary privileges did not implicate the protections of the Due Process Clause.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent, if known.

ENTER: This 13th day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge